UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONALD OGMAN,
    Petitioner,

v.

UNITED STATES,
    Respondent.

No. 3:16-cv-382 (SRU)

# RULING AND ORDER ON PETITIONER'S
# MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE

On March 10, 2015, after pleading guilty to one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), Donald Ogman was sentenced by Judge Warren E. Eginton to 188 months' imprisonment. Judgment and Amended Judgment, *United States v. Donald Ogman*, No. 3:12-cr-74 (SRU) (D. Conn.) (docs. 1104 and 1105). Ogman did not appeal that sentence. The case was subsequently transferred to me on November 3, 2015. Order of Transfer, No. 3:12-cr-74 (SRU).

On March 7, 2016, Ogman, acting *pro se* and currently imprisoned at United States Penitentiary Canaan in Waymart, Pennsylvania, filed a timely motion to vacate, set aside, or correct his sentence ("habeas petition"), pursuant to 28 U.S.C. § 2255. (doc. 1) On March 9, 2016, I issued an Order to Show Cause requesting further detail about his claims. (doc. 3) Ogman filed a response to that Order, which suggested that he sought to challenge the sentence that he received on the basis that use of certain cooperating witness testimony violated his Fifth Amendment right to due process. (doc. 7) He subsequently filed an amended petition suggesting that his primary claim was that trial counsel had been ineffective for failing to move to suppress

wiretap evidence involving the cooperating witness. (doc. 14) Ogman has also moved for discovery in support of his petition. (doc. 6)

Based on the entire record and for the following reasons, Ogman's petition is **denied,** and his motion for discovery is also **denied.**

I.    **Standard of Review**

Section 2255 provides a prisoner in federal custody a limited opportunity to challenge the legality of the sentence imposed upon him. *United States v. Addonizio*, 442 U.S. 178, 184 (1979). In order to prevail, the petitioner must show either (1) that his sentence was imposed in violation of the Constitution or the laws of the United States; (2) that the sentencing court lacked jurisdiction to impose such a sentence; (3) that the sentence exceeded the maximum detention authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Collateral relief is only available for a constitutional error that constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Section 2255 "may not be employed to relitigate questions which were raised and considered on direct appeal." *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir. 1992); *see also Reese v. United States*, 329 F. App'x 324, 326 (2d Cir. 2009) (summary order) (quoting *United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001)). If a petitioner fails to raise an issue upon direct appeal, that issue will be deemed procedurally defaulted and unreviewable, absent a demonstration of ineffective assistance of counsel, an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Becker*, 502 F.3d 122, 127 (2d Cir. 2007) (quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998);

*Massaro v. United States*, 538 U.S. 500, 504 (2003).

The petitioner bears the burden of proving, by a preponderance of the evidence, that he is entitled to relief. *See Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995). A district court is not required to accept the petitioner's factual assertions "where the assertions are contradicted by the record in the underlying proceeding." *Puglisi*, 586 F.3d at 214. Section 2255 also requires that the district court hold a hearing on the petitioner's motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001) ("[A]lthough a hearing may be warranted, that conclusion does not imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim") (citing *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

**II.   Background**

On March 28, 2012, the government filed a criminal complaint against Ogman alleging his involvement in a conspiracy to distribute cocaine base and powder cocaine. Criminal Complaint, *United States v. Donald Ogman*, No. 3:12-cr-74 (SRU) (doc. 1). Ogman was arrested on the basis of that complaint the same day. An indictment to the same effect followed on April 9, 2012. Indictment (3:12-cr-74, doc. 12).

The parties appear to agree on the following facts, which also find support in the documents filed in Ogman's criminal case. The investigation leading up to Ogman's arrest involved multiple controlled purchases from Ogman and his co-defendants. One of the FBI informants involved in the controlled purchases later illegally purchased crack cocaine from Ogman independently of his or her cooperating agreement, and was accordingly "demoted" from "CW," which appears to indicate a "cooperating witness," to a "CI," which appears to indicate a

3

"confidential informant." The controlled purchases provided the basis for authorizing wiretaps of Ogman's phone, which in turn provided additional and overwhelming evidence that Ogman was acting as a distributor of crack cocaine.

Ogman was represented by several different attorneys over the course of his criminal case who collectively filed various pre-trial motions. Relevant for these purposes, on July 20, 2012, Ogman's counsel moved for the disclosure of the identity of the confidential sources who had provided the basis for the government's probable cause in its wiretap authorizations. Motion for Disclosure (3:12-cr-74, doc. 236). He argued that disclosure was necessary in order to determine whether the government's reliance was reasonable. On November 2, 2012, Magistrate Judge Holly Fitzsimmons denied that motion insofar as it related to a need to avoid unfair surprise at trial. Order (3:12-cr-74, doc. 366).

On September 5, 2012, Ogman's counsel also filed a motion to suppress the wiretaps on the basis that Ogman had not consented to being recorded and the government had not otherwise sought court authorization for the pre-authorization recordings used to establish probable cause for those wiretaps. Def.'s Mot. to Suppress, (3:12-cr-74, doc. 303). Judge Eginton denied that motion on October 4, 2012. Order (3:12-cr-74, doc. 314). He held that the pre-authorization recordings were lawful because the confidential source involved in those calls had consented to recording, and the recordings had been conducted by special agents of the FBI. *Id.* at 2–3.

On June 13, 2013, Ogman filed a *pro se* motion[1] to suppress the wiretaps on grounds identical to those raised in his present habeas petition. Def.'s *Pro Se* Motion to Suppress (3:12-cr-74, doc. 588). Specifically, he argued that because the cooperating source had been deemed "no longer credible" after making an unsupervised purchase from Ogman, the source could not

---

[1] Shortly after that motion was filed, the attorney acting on Ogman's behalf at that time moved to withdraw from the case. Def.'s Counsel's Mot. to Withdraw, No. 3:12-cr-74 (SRU) (doc. 612).

4

be used to establish probable cause for the wiretaps or for Ogman's arrest. *Id.* at 4. In its Opposition Brief, the government provided both the initial affidavit in support of the wiretap application, dated January 12, 2012, and the interim report disclosing the confidential source's unsupervised purchase of crack and subsequent demotion, dated March 5, 2012. Gov't's Opp'n Br. (3:12-cr-74, doc. 593). It argued that the source's misconduct did not implicate the validity of any information previously obtained from that source, nor did it indicate that the initial affidavit in support of the wiretap was false, misleading, or made with a reckless disregard of the truth. *Id.* (discussing the standard established in *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). On July 30, 2013, Judge Eginton denied Ogman's motion for the same reasons provided in his previous Order holding that the wiretaps had been properly authorized. Order (3:12-cr-74, doc. 633).

On March 14, 2014, Ogman pleaded guilty to Count One of a superseding indictment, conspiracy to possess with an intent to distribute 280 or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Plea Agreement (3:12-cr-74, doc. 804). As a result of his plea, Ogman faced a statutory mandatory minimum of ten years' imprisonment, and a maximum of life in prison. The Guideline stipulation in the Plea Agreement resulted in a range of 235 to 293 months of imprisonment, and the government indicated that it would not object to a downward departure to 188 months in light of some recently proposed amendments to the Guideline range to the Drug Quantity Table in Guideline § 2D1.1. *Id.* at 4. On March 10, 2015, Judge Eginton sentenced Ogman to 188 months of incarceration. Judgment (3:12-cr-74, doc. 1104). Ogman did not directly appeal his sentence.

**III.    Discussion**

Because there was no direct appeal in Ogman's criminal case, the issues raised in his habeas petition will be deemed procedurally defaulted unless he can demonstrate either ineffective assistance of counsel, an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Becker*, 502 F.3d at 127 (quoting *Tenzer*, 213 F.3d at 39). Ogman's petition raises exactly the same issues he raised multiple times in his criminal case and appears to rely on exactly the same evidence, *see* Def.'s *Pro Se* Mot. to Suppress (3:12-cr-74, doc. 588); accordingly, he cannot meet any of those requirements.[2] I note, in particular, that Ogman's ineffective assistance of counsel argument fails because, having raised and lost those arguments during the criminal proceeding in the first instance, Ogman cannot show that he was "actually prejudiced" as a result of counsel's failure to make the same arguments—that is, he cannot show how counsel's alleged inadequacy had any impact on the outcome of his case. *See Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).

Ogman's motion for discovery can be understood as an attempt to uncover new evidence in order to avoid a procedural default. The Second Circuit, relying on Supreme Court precedent, has articulated the following standard for evaluating motions for discovery in habeas cases:

> "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). Rather, discovery is allowed only if the district court, acting in its discretion, finds "good cause" to allow it. *Id.* This "good cause" standard is satisfied "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.' " *Id.* at 908–09, 117 S.Ct. 1793 (quoting *Harris v. Nelson,* 394 U.S. 286, 300, 89 S.Ct. 1082, 22 L.Ed.2d 281

---

[2] Ogman also does not appear to meet the "cause and prejudice" or "actual innocence" standards that might permit me to consider a procedurally defaulted claim. *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011)).

>   (1969)). The district court enjoys "broad discretion" to determine whether discovery is warranted in a habeas proceeding . . . .

*Ferranti v. United States*, 480 F. App'x 634, 638–39 (2d Cir. 2012); *see also Drake v. Portuondo*, 321 F.3d 338, 346 (2d Cir. 2003) (same); *Beatty v. Greiner*, 50 F. App'x 494, 496–97 (2d Cir. 2002) (same). Here, Ogman has failed to make the requisite "specific allegations" showing that any new or previously undisclosed evidence might be uncovered if his request is granted. His request relies on evidence that was made available to him years ago in the course of his criminal case, and he has not indicated why he now believes new exculpatory evidence might be available.

Moreover, the discovery Ogman requests does not appear to have the potential to change his sentence. Ogman does not challenge his conviction, nor does he argue that the sentence he received fell outside of the permissible statutory range. Instead, he asserts that, if the wiretaps based on the confidential source's information were suppressed, he would have received the mandatory minimum sentence of 120 months' incarceration instead of the 188 months he received. Pet.'s Response at 3. That argument is pure speculation—additional evidence related to the basis of the wiretaps would not change any aspect of the Guideline range considered, nor would it call into question the legality of the below-Guidelines sentence ultimately imposed.

Accordingly, Ogman cannot rely on his motion for discovery to acquire new evidence, nor can he otherwise avoid a procedural default on the claims raised in his petition.

**IV.    Conclusion**

Ogman's motion for discovery is **denied** (doc. 6), and his habeas petition is also **denied** (doc. 1). Because Ogman has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue. The Clerk shall enter judgment and close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 21st day of July 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
