UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONALD OGMAN,
    Plaintiff,

    v.

UNITED STATES,
    Defendant.

No. 3:16-cv-382 (SRU)

**RULING ON MOTION FOR RELIEF FROM JUDGMENT**

    Petitioner Donald Ogman is serving a term of supervised release after pleading guilty to one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). He challenges my previous ruling on his Section 2255 habeas corpus petition. For the reasons set forth below, I **deny** Ogman's motion for relief from judgment, **doc. no. 30**.

**I.    Background**

    I assume the parties' familiarity with Ogman's criminal case, *United States v. Ogman*, no. 3:12-cr-74 (SRU), and Ogman's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "habeas petition"), *Ogman v. United States*, no. 3:16-cv-382 (SRU), doc. no. 14, and my ruling on the habeas petition, doc. no. 17. I denied Ogman's habeas petition. *Id.* Ogman challenges that ruling in a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Doc. No. 30.

    The gravamen of Ogman's Rule 60(b) motion is that the confidential source who provided the basis for the government's wiretap authorizations engaged in misconduct, and the evidence obtained from the wiretap should have been suppressed. *Id.* at 9. Ogman's counsel did

not file a motion to suppress on those grounds.[1]  Accordingly, Ogman asserts his counsel at was ineffective.

II.     **Standard of Review**

Rule 60(b) permits a party to seek relief from a final judgment under a "limited set of circumstances[.]"  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Absent a claim that relief from judgment is warranted under a particular circumstance provided by the Rule, the petitioner must rely on the "catch-all" provision found in Rule 60(b)(6).  *See id.* at 529.  Rule 60(b)(6) "permits reopening when the movant shows any reason justifying relief from the operation of the judgment other than the more specific circumstances set out in Rules 60(b)(1)–(5)."  *Id.* (internal quotation marks and alterations omitted); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988).

Although Rule 60(b) generally "vests wide discretion in courts . . . relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'"  *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Gonzalez*, 545 U.S. at 535).  To determine whether extraordinary circumstances exist, the court may consider a wide range of factors, including "the risk of injuries to the parties and the risk of undermining the public's confidence in the judicial process."  *Id.* (quoting *Liljeberg*, 486 U.S. at 863–64).

Rule 60(b) may not be used to advance a "claim" that is, in effect, a successive habeas petition.  *Gonzalez*, 545 U.S. at 531.  One indication that a claim is a successive habeas petition cloaked as a Rule 60(b) motion is "if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is

---

[1] After he pleaded guilty and was sentenced, Ogman says he asked his attorney to appeal the denial of the motion to suppress the wiretap evidence.  No. 16-cv-382 (SRU), Doc. No. 30 at 5.  His attorney did not file an appeal.  *Id.*; *see generally* No. 3:12-cr-74.

effectively indistinguishable from alleging that the movant is . . . entitled to habeas relief." *Id.* at 532. A claim is properly brought under Rule 60(b) when it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* Challenging the habeas court's determination of procedural default is a permissible claim under Rule 60(b). *See id.* at 532 n.4. (holding that a claim is not "on the merits" if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar").

### III. Discussion

Ogman is entitled to relief under Federal Rule of Civil Procedure 60(b)(6) if he can show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (quoting *Ackerman v. United States*, 340 U.S. 193, 199 (1950)). I denied Ogman's Section 2255 petition challenging the legality of his sentence because I determined his petition raised issues that were procedurally defaulted. *Ogman v. United States*, 2017 WL 3124104, at *3 (D. Conn. July 21, 2017). Ogman's motion is properly brought under Rule 60(b) because it attacks my earlier ruling that his claims were procedurally defaulted, and not the merits of the case. *See Gonzalez*, 545 U.S. at 532. I accordingly proceed under the Rule 60(b) standard.

Here, the alleged "extraordinary circumstances" under Rule 60(b) are that I "mistakenly believed that [Ogman] had received a merits determination on his claim" asserting ineffective assistance of counsel. Doc. No. 30 at 9-10. Specifically, Ogman claims that in his underlying criminal case, the confidential source used to establish probable cause for the wiretaps engaged in misconduct when the source made an unsupervised purchase of crack cocaine. Doc. No. 30 at 4. Ogman claims the confidential informant's misconduct "irreparably tainted the wiretap

3

application and subsequent proceedings." Doc. No. 30 at 4. "At a minimum, there should have been briefing on the issue by defense counsel and an evidentiary hearing ordered by the Court . . . ." *Id.*

When I denied Ogman's habeas petition, I determined that Ogman had "raised and lost" the same arguments in his criminal proceeding that he had raised in his habeas petition. *Ogman*, 2017 WL 3124104, at *3. In his underlying criminal case, Ogman had filed two motions to suppress the evidence obtained from the wiretap. Ogman's first motion to suppress, filed by his counsel, challenged the wiretap only on the ground that the pre-authorization telephone calls with a confidential informant were recorded without Ogman's consent. No. 3:12-cr-74 (SRU), Doc. No. 303. Judge Eginton had concluded that the confidential source had consented to law enforcement recording his telephonic conversations. Doc. No. 314 at 2-3. On that ground, Judge Eginton denied the motion to suppress. *Id.*

Acting *pro se*, Ogman filed a second motion to suppress the evidence obtained from the wiretap. Doc. No. 588. Judge Eginton denied Ogman's *pro se* motion to suppress for the same reasons he denied Ogman's first motion to suppress. Doc. No. 633. When Judge Eginton denied the second motion to suppress, he did not specifically comment on Ogman's argument that the confidential source had tainted the wiretap. *See* Text Order, Doc. No. 633 ("ORDER denying . . . Motion to Suppress as to Donald Ogman (1) for the reasons previously stated in the ruling dated November 4, 2012 (doc. no. 314)."). Ogman interprets that text order as proof that he never received an "adjudication on the merits" of his confidential source argument, and therefore has a cognizable ineffective assistance of counsel claim. *See* No. 3:16-cv-382, Doc. No. 30 at 9-10.

I disagree. When I denied Ogman's habeas petition, I noted that:

> Ogman's ineffective assistance of counsel argument fails because, having raised and lost those arguments during the criminal proceeding in the first instance, Ogman cannot show that he was "actually prejudiced" as a result of counsel's failure to make the same arguments—that is, he cannot show how counsel's alleged inadequacy had any impact on the outcome of his case.

*Ogman*, 2017 WL 3124104, at *3 (citing *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012), and *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

Ogman raised the same arguments in his *pro se* motion to suppress that he now raises in his Rule 60(b) motion. Although Judge Eginton did not specifically comment on Ogman's confidential source arguments, he nonetheless rejected those arguments in full when he denied Ogman's motion to suppress in full. Because Ogman raised his confidential source argument in the underlying criminal case, he cannot show that he was "actually prejudiced" by counsel's failure to make that same argument in the same criminal case. *Harrington*, 689 F.3d at 129 (citing *Strickland*, 466 U.S. at 687-88).

I came to the same conclusion when I denied Ogman's habeas petition. *See* Doc. No. 17 at 6. Ogman has not demonstrated he was actually prejudiced by ineffective assistance of counsel, and therefore has not shown that there are "'extraordinary circumstances' required to justify reopening" my order denying his Section 2255 habeas petition. *Buck*, 580 U.S. at 105.

### IV. Conclusion

For the reasons set forth above, I **deny** Ogman's motion for relief from judgment, **doc. no. 30**.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of May 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

5